UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:23-cv-1895

**CHARLES RIKER**,

 Plaintiff,

v.

             **JURY TRIAL DEMANDED**

**RESURGENT CAPITAL SERVICES LP**,

 Defendant.

_____/

# COMPLAINT

Plaintiff Charles Riker ("Plaintiff") sues Resurgent Capital Services LP ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Polk County, Florida.

4. Defendant is a Delaware limited partnership, with its principal place of business located in Greenville South Carolina 29601.

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

6. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from an unsecured line of credit between the original creditor of the Consumer Debt, Synchrony Bank, and Plaintiff (the "Subject Service").

8. The Subject Service was primarily for personal, family, or household purposes.

9. The Consumer Debt is a debt related to a consumer financial product and/or service because the Consumer Debt arises from the unsecured line of credit the original creditor extended to Plaintiff, whereby said unsecured line of creditor was for the personal benefit of Plaintiff, Plaintiff's family, and/or members of Plaintiff's household.

10. In particular, the Consumer Debt relates to an unsecured line of credit with an account number ending with 5880.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant's "Consumer Collection Agency" license number is CCA0900145.

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18. Defendant maintains and keeps updated within seven (7) days the records required by Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

19. Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

20. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

22. On April 28, 2023, Defendant communicated with Plaintiff in connection with the Consumer Debt (the "First Communication"). Attached as Exhibit "A" is a copy of the First Communication.

23. The First Communication represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

24. Defendant is required to provide Plaintiff with a written noticing containing the information set forth under 15 U.S.C. § 1692g(a) within five (5) days of its (Defendant's) initial communication with Plaintiff in connection with the collection of any debt.

25. Defendant failed to provide Plaintiff with a written notice containing the information set forth under 15 U.S.C. § 1692g(a) within five (5) days of the First Communication.

26. Subsequent to the First Communication on a date better known by Defendant, Defendant attempted to collect the Consumer Debt from Plaintiff without having properly provided Plaintiff with the information and/or disclosures required by § 1692g(a)(1)-(5) of the FDCPA (the "Unlawful Collection Attempt").

27. The Consumer Financial Protection Bureau ("CFPB") is the administrative agency authorized to exercise its authority under Federal consumer financial law to administer, enforce, and otherwise implement the provisions of Federal consumer financial law. *See* 12 U.S.C. § 5512; 15 U.S.C. § 1692l(d); *see also* 12 C.F.R. § 1006.1(a).

28. On November 30, 2020, the CFPB issued their final rule to revise Regulation F ("Reg F") of which contains, among other things, the CFPB's most recent interpretation of the FDCPA.

29. Defendant was required to provide "validation information" to Plaintiff pursuant to 12 C.F.R. § 1006.34(c) within five (5) days of the First Communication.

30. The "validation information" that Defendant was required to provide within five (5) days of the First Communication includes, but is not limited to "[i]nformation about consumer protection." *See* 12 C.F.R. § 1006.34(c)(3).

31. The "[i]nformation about consumer protection" that Defendant was required to provide within five (5) days of the First Communication includes, but is not limited to:

  (i) The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment.

  (ii) The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor.

  (iii) The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid.

*See* 12 C.F.R. § 1006.34(c)(3)(i)-(iii).

  32. The "validation period," for purposes of Reg F, "means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information." 12 C.F.R. § 1006(b)(5).

  33. With respect to calculating the "end of the validation period," § 1006(b)(5) of Reg F further provides that, "[f]or purposes of determining the end of

the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at **least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it**." 12 C.F.R. § 1006(b)(5).

34. On a date better known by Defendant, Defendant sent Plaintiff a second letter in an attempt to collect the Consumer Debt (the "Subsequent Communication").

35. In the Subsequent Communication, Defendant falsely calculated the end of the validation period and wrongfully shorted the length of the validation period in violation of 12 C.F.R. §§ 1006.34(b)(5) and (c)(3).

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692g and § 1692e

36. Plaintiff incorporates by reference ¶¶ 6-26 of this Complaint.

37. Section 1692g(a) of the FDCPA requires that a debt collector send the consumer a written notice containing the information set forth under § 1692g(a)(1)-(5) of the FDCPA either within Defendant's initial communication with the consumer in connection with the collection of a debt or within five (5) days of Defendant's initial communication with the consumer in connection with the collection of a debt. *See* 15 U.S.C. § 1692g(a). Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

38. Here, the First Communication was Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt. As a result, Defendant was required to provide Plaintiff with written notice of the information contained under § 1692g(a) of the FDCPA either within the First Communication or within five (5) days of the First Communication.

39. The First Communication did not properly disclose the information required by § 1692g(a)(1)-(5) of the FDCPA and Defendant failed to provide Plaintiff with written notice of the information contained under § 1692g(a) of the FDCPA within five (5) days of the First Communication. Thus, by failing to provide Plaintiff with sufficient notice of the information contained under § 1692g(a) of the FDCPA, Defendant violated § 1692g and § 1692e of the FDCPA.

40. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding the following relief:

    (a) Actual damages as provided by 15 U.S.C. § 1692k;

    (b) Statutory damages as provided by 15 U.S.C. § 1692k;

    (c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (d) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
### VIOLATION OF 16 U.S.C. § 1692g(b)

41. Plaintiff incorporates by reference ¶¶ 6-35 of this Complaint.

42. Pursuant to § 1692g(b) of the FDCPA, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. § 1692g(b).

43. As stated above, Defendant was required to provide certain "validation information" within the Subsequent Communication. The "validation information" that Defendant was required to provide in the Subsequent Communication included, *among other things*, the "end date" of the validation period.

44. Pursuant to Reg F, the "end date" of the validation period is required to be a specific, minimum length of time – *i.e.*, thirty (30) days after the "validation information" is assumed to have been received by consumer, whereby the consumer is assumed to have received the "validation information" **at least five days** (*excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays*) **after the debt collector** allegedly provided it. As stated above, however, Defendant unlawfully shorted the minimum validation period in the Subsequent Communication.

45. Thus, by unlawfully shorting the length of the validation period in the Subsequent Communication, Defendant violated 12 C.F.R. §§ 1006.34(b)(5) and (c)(3) and, as such, violated 15 U.S.C. § 1692g(b) of the FDCPA because the

unlawful shorting of the minimum validation period unlawfully overshadowed, and was otherwise inconsistent with, the consumer's right to dispute the underlying debt.

46. WHEREFORE, Plaintiff, individually and on behalf of the Validation Date Class, requests this Court to enter a judgment against Defendant, awarding the following relief:

(a) Actual damages as provided by 15 U.S.C. § 1692k;

(b) Statutory damages as provided by 15 U.S.C. § 1692k;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances.

DATED: August 22, 2023

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:   561-542-8550

*COUNSEL FOR PLAINTIFF*